## Commonwealth, Appellant, *v.* Perrego.

*Public officers—Actions—Bond—Moneys due commonwealth—Local taxes—Acts of April 16, 1845, P. L. 532; April 21, 1846, P. L. 413, and April 21, 1857, P. L. 266.*

Under the Act of April 21, 1857, P. L. 266, which extended the Acts of April 16, 1845, P. L. 532, and April 21, 1846, P. L. 413, a collector of local township taxes is not a defaulting public officer against whom a suit may be brought in the manner provided by these acts. The acts apply only to suits for the collection of moneys due the commonwealth. The proper remedy by which a township may enforce its rights against a collector of local township taxes and his bondsman, is by an ordinary action of assumpsit under the Act of May 25, 1887, P. L. 271.

Argued April 17, 1907. Appeal, No. 116, Jan. T., 1907, by plaintiff, from order of C. P. Luzerne Co., June T., 1906, No. 256, making absolute rule to strike off judgment in case

of Commonwealth ex rel. Kingston Township v. James D. Perrego and the American Bonding & Trust Company of Baltimore. Before MITCHELL, C. J., BROWN, MESTREZAT, POTTER and ELKIN, JJ. Affirmed.

Rule to strike off judgment. Before FERRIS, J.

The facts are stated in the opinion of the Supreme Court.

*Error assigned* was order making absolute rule to strike off judgment.

*W. Alfred Valentine,* with him *W. S. Casterlin* and *L. Floyd Hess,* for appellant.—The state tax is collected through the local tax collectors, and hence on principle it is difficult to see wherein such an official is not a public officer, even within the definitions which limit such officers to persons who are agents of the state: Com. v. Morris, 5 Kulp, 488 ; Com. v. Perrego, 31 Pa. Superior Ct. 126 ; Com. v. Evans, 74 Pa. 124.

Under the act of assembly directing the entry of judgment, judgment may be entered by the prothonotary on præcipe of plaintiff's attorney when the defendant is in default : Lumber Co. v. Home Ins. Co., 167 Pa. 231 ; Com. v. Perrego, 31 Pa. Superior Ct. 126.

The act under which the plaintiff proceeded gives a special statutory remedy for the collection of money due from public officers. It was not repealed by the procedure act : Com. v. Morris, 5 Kulp, 488.

*G. J. Clark,* for appellee.—A defaulting tax collector of local township taxes is not a defaulting public officer within the terms and provisions of the Acts of April 16, 1845, P. L. 532 ; April 21, 1846, P. L. 413 ; April 21, 1857, P. L. 266, and April 7, 1862, P. L. 304.

OPINION BY MR. JUSTICE ELKIN, May 20, 1907 :

The right of appellant to sustain this action depends upon the determination of the question whether a collector of local township taxes is a defaulting public officer within the provisions of the acts of 1845, 1846 and 1857. The præcipe, filed May 23, 1906, directed the prothonotary to issue a summons

in assumpsit under the Act of April 21, 1846, P. L. 413.   It was accompanied by a statement of the plaintiff's claim, to which was attached a copy of the bond on which the suit is based.   The summons was made returnable June 4, 1906.   On June 18, the bonding company filed an affidavit of defense, and on July 6, neither defendant having put the case at issue, counsel for plaintiff directed the prothonotary to enter judgment in accordance with the provisions of the act of 1846. A few hours later on the same day, counsel for the surety company entered a plea of non assumpsit.   On July 9 a petition was presented in which it was alleged that the judgment was entered without authority of law, and the court below granted a rule to show cause why the same should not be stricken off, which, after argument, was made absolute.   From that order this appeal is taken.   It is contended for appellant that under the act of 1846 the prothonotary was authorized to enter the judgment, and it is conceded that unless this act and its supplements did authorize the entry of judgment it was improvidently entered, and should be stricken off.   In order to intelligently discuss the question involved it will be necessary to briefly review these acts of assembly.   The Act of April 16, 1845, P. L. 532, as is clearly expressed in its title, was passed for the purpose of increasing the revenues and diminishing the legislative expenses of the commonwealth.   It provides for increasing the state revenues by the imposition of taxes for that purpose on many different subjects.   Section 12 gives to the courts of Dauphin county jurisdiction against defaulting officers and their sureties in the same manner as if they were residents of that county.   This act only dealt with taxes and fees due the commonwealth, and provided for the collection of the same.   The Act of April 21, 1846, P. L. 413, is a supplement to the act of 1845, and sets out in greater detail the procedure by which claims due the commonwealth shall be sued out and pressed to judgment in the proper court In section 4 it is provided, inter alia, that " the attorney officiating for the commonwealth shall file a declaration along with the præcipe, and judgment shall be entered thereon and the sums be liquidated by the respective prothonotaries, as aforesaid, immediately after thirty days from the return of the writ, in which case unless, before that time, the defend-

ants shall have filed an affidavit of defense, and shall put the cause to issue as is directed in the second section of this act." The appellant relies on this provision of the act as authority for his direction to the prothonotary to enter judgment in the present case because it was not put at issue within thirty days from the return of the writ. If the case rested here it would be too plain for argument that appellant is without a legal foundation to support his action for two reasons, first, the act provides that the declaration shall be filed by " the attorney officiating for the commonwealth," and, second, because the procedure set forth in the act only applies to suits for moneys due the commonwealth. In the present case neither condition is met. The learned counsel for appellant are not " officiating for the commonwealth," but represent the township, and the moneys sued for are due the township, not the commonwealth. The Act of April 21, 1857, P. L. 266, is relied on to help out this situation. This act relates to the office and duties of the attorney general, and provides generally for the certification of claims due the commonwealth to that officer for collection by the auditor general and state treasurer. By section 3 the provisions of the twelfth section of the act of 1845 and the fourth section of the act of 1846 are extended " to all suits against defaulting public officers or their sureties within this commonwealth." It is therefore argued, and with some plausibility, that this provision of the act of 1857 is broad enough to include a suit against any defaulting public officer, without regard to whether the moneys are due the commonwealth or a township, or other municipality. In order to properly determine this question it will be necessary to carefully examine these acts to ascertain their purpose and meaning. The twelfth section of the act of 1845 gave jurisdiction to the court of common pleas of Dauphin county in suits against any and all persons who are, or may hereafter, be officers of any description within this commonwealth, appointed by the governor, or by the board of canal commissioners, or elected by either house of the legislature, or by both houses in joint ballot, and who shall become defaulters in not paying over or accounting for moneys in their hands belonging to the commonwealth and against their sureties, in the same manner and with like effect as if the defaulting persons and officers and their

sureties were residents of Dauphin county. It is obvious that the purpose of this act was to designate a court of special jurisdiction, for the convenience of the commonwealth, in the collection of revenues, or moneys due the state, from the persons or officers mentioned in the act. It only applied to persons, or officers, appointed by the governor or by the board of canal commissioners, or by the legislature. It went this far and no farther. The act of 1846 did not extend jurisdiction in such cases to any persons, or officers, other than those designated in the act of 1845. It is clear that the intention of the later act was to provide in greater detail a mode of procedure to govern the court of special jurisdiction in this class of cases. The act of 1857, while not so expressed in its title, was supplementary to the acts of 1845 and 1846, and was intended to make a more complete system for the collection of moneys due the commonwealth. Every line of the act is an expression of this purpose. When, therefore, it was provided in section 3 that the twelfth section of the act of 1845 and the fourth section of the act of 1846 shall be extended " to all suits against defaulting public officers or their sureties within this commonwealth," it is clear the purpose of the legislature was to extend the provisions of the act of 1845 which limited the right of action in such cases to persons or officers, appointed by the governor, or by the board of canal commissioners, or by the legislature, to all suits against defaulting public officers or their sureties within this commonwealth for moneys due the state. There is not a word in any of these acts to indicate a purpose to include a public officer for the collection of local taxes. These acts are in pari materia, relating to suits for moneys due the commonwealth, and must be construed together. The method of making settlements, the certification to the attorney general, the institution of the suits in the court of common pleas of Dauphin county, and the procedure to be followed, conclusively show that these acts relate to moneys due the commonwealth by persons or defaulting public officers. It is not enough for the appellant here to show that the defaulting collector of local taxes in the township is a "public officer," and located "within this commonwealth," but in order to sustain this action under the act of 1846, and its procedure, it must appear that the defaulting collector was

a "public officer" intrusted with the collection of moneys due the commonwealth, and that the suit was instituted by her proper officers. There is no reason why the present suit should not have been instituted as an action of assumpsit under the Act of May 25, 1887, P. L. 271. The remedy in this act is just as ample and complete, and it would give a strained and unwarranted construction to the acts of 1845, 1846 and 1857 to hold that the procedure provided in that particular class of cases should be extended to include the case at bar.

Judgment affirmed.